IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UTILITY WORKERS UNION OF ) <br> AMERICA, AFL-CIO, UNITED GAS ) <br> WORKERS UNION, LOCAL 69, ) <br> DIVISION 2, an unincorporated association, ) <br> by BRYAN E. ASH, its Trustee Ad Litem, ) <br>       Plaintiff, ) <br> ) <br>       vs. ) <br> ) <br> DOMINION TRANSMISSION, INC., a ) <br> corporation, ) <br>       Defendant. ) <br> ) | Civil Action No. 06-687 |

MEMORANDUM OPINION

Plaintiff, Utility Workers Union of America, AFL-CIO, United Gas Workers Union, Local 69, Division 2, an unincorporated association, by its trustee ad litem, Bryan E. Ash ("the Union"), brings this action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), to confirm an arbitration award issued on May 18, 2006 in favor of a Union member and against Defendant, Dominion Transmission, Inc. ("DTI").

Presently before this Court for disposition is a motion to dismiss or stay this action, brought by the Defendant. For the reasons that follow, the motion will be denied.

The Union represents some of DTI's employees for collective bargaining purposes. (Compl. ¶ 3.) The Union and DTI are parties to a collective bargaining agreement ("CBA") entered into and effective April 1, 2005 and due to expire April 1, 2008. (Compl. ¶ 5 & Ex. A.) The CBA contains a grievance procedure which provides for a system of meetings to resolve grievances and failing such resolution, it provides for final and binding arbitration of all grievances. (Compl. ¶ 6.)

On August 25, 2005, DTI discharged an employee named Vernon Stewart, Jr., who had been employed as a Compressor Station Operator in Indiana County. The Union contended that the discharge of Stewart was not for "just cause" and as such, was not permitted under the CBA. It filed a timely written grievance with DTI over Stewart's discharge pursuant to the CBA, seeking his reinstatement and payment of all wages and fringe benefits lost as a result thereof. (Compl. ¶¶ 7-13.)

On February 14, 2006, the arbitrator mutually selected by the parties held a hearing in Bridgeport, West Virginia. On May 18, 2006, the arbitrator rendered a decision, sustaining the grievance and ordering DTI to reinstate Stewart and pay him of all wages and fringe benefits lost as a result of his discharge. (Compl. ¶ 15 & Ex. B.)

Procedural History

The Union filed this action on May 25, 2006 seeking to confirm the arbitrator's award. On July 20, 2006, DTI filed an action in the United States District Court for the Northern District of West Virginia seeking to vacate the arbitrator's award ("the West Virginia action"). On that same date, DTI filed a motion to dismiss or stay this case (Docket No. 6).

Standard of Review

A motion to dismiss under Rule 12(b)(6) must be viewed in the light most favorable to plaintiff and all well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). See also National Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994). The issue is

not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Williams, 490 U.S. at 323; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court of Appeals has stated that:

> To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.... [In addition,] a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.

Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Thus, the CBA, which is attached to the Complaint, may be considered without converting the motion into a motion for summary judgment.

DTI argues that, because the issue to be decided in the West Virginia case (whether the arbitration award should be vacated) should necessarily be decided before the issue in this case (whether the award should be confirmed and enforced), the Court should dismiss this action and direct the Union to seek confirmation of the arbitration award as part of its response to the West Virginia action. In the alternative, DTI requests that the Court stay this action pending resolution of the West Virginia action.

The First-Filed Rule

The Court of Appeals for the Third Circuit has adopted the "first-filed rule," which states that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosely Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (citation omitted). The court has explained that:

> The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court "the power" to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. That authority, however, is not a

3

>mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule.

EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (citing Triangle Conduit & Cable Co. v. National Elec. Products Corp., 125 F.2d 1008, 1009 (3d Cir.1942) (other citations omitted)), aff'd on other grounds, 493 U.S. 182 (1990). "It is well settled that absent special circumstances, this rule can be used by courts to stay, enjoin, or transfer a later-filed action." Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., 416 F. Supp. 2d 1048, 1051 (E.D. Pa. 2006) (citations omitted).

In the EEOC case, the EEOC brought an action in the Eastern District of Pennsylvania to enforce a subpoena against the University of Pennsylvania after the University refused to release confidential peer review materials. The University requested that the court dismiss the enforcement suit in favor of an earlier suit it had filed in the District of Columbia. The district court declined to dismiss the second-filed suit and the Court of Appeals held that the district court had not abused its discretion because the timing of the D.C. action indicated the University was attempting to preempt an imminent subpoena enforcement action in the Eastern District of Pennsylvania and the University admitted that it believed the law of the District of Columbia Circuit would be more favorable to its position. 850 F.2d at 977.

Defendant cites FMC Corp. v. AMVAC Chemical Corp., 379 F. Supp. 2d 733 (E.D. Pa. 2005). In that case, the court declined to apply the first-filed rule because: 1) AMVAC initiated the first suit in California after being notified that it had until a certain date to accept FMC's terms or face a copyright infringement lawsuit; 2) AMVAC initiated the first suit while the parties were negotiating to resolve their differences; and 3) the manner in which AMVAC

notified FMC about the suit at the last moment. The court concluded that "AMVAC's California Action can only be construed as one (or some combination) of the following inequitable conduct: bad faith, anticipatory filing, forum shopping or avoidance." Id. at 742 (footnote omitted).

DTI notes that West Virginia law provides a party 90 days to seek to vacate an arbitrator's award (borrowing the time limit set forth in the Federal Arbitration Act), but Pennsylvania law allows a party only 30 days to do the same. See 42 Pa. C.S. § 7342(b); Lowther v. Roxborough Mem. Hosp., 738 A.2d 480, 485 (Pa. Super. 1999), appeal denied, 758 A.2d 1194 (Pa. 2000); Service Employees Int'l Union, Local No. 36, AFL-CIO v. Office Center Services, Inc., 670 F.2d 404, 409 (3d Cir. 1982); Sheet Metal Workers Int'l Ass'n, Local Union No. 33 v. Power City Plumbing & Heating, Inc., 934 F.2d 557 (4th Cir. 1991); Local 1289 of the United Mine Workers of America v. Island Creek Coal Co., 157 F.R.D. 380, 383 (N.D.W. Va. 1994). Therefore, it contends that the forum shopping and anticipatory filing exceptions to the first-filed rule applies in this case because the Union will argue that DTI cannot assert any defenses in the confirmation action because it did not file an action to vacate within 30 days of the arbitration award.

However, this case does not present an example of anticipatory filing: the Union did not file suit while the parties were negotiating or after receiving a letter threatening litigation, but instead filed suit within the statutory period to have the arbitration award confirmed.

DTI has not supported its argument that it cannot assert any defenses in this case because it did not file an action to vacate within 30 days of the arbitration award. The Union has not made the argument DTI suggests, but instead contends that any arguments DTI has in favor of vacating the arbitration award may be asserted in this action as compulsory counterclaims

5

pursuant to Federal Rule of Civil Procedure 13(a).

DTI has also not supported its argument that the Union is engaging in forum shopping. As recently noted by Judge Cercone:

> The act of forum shopping is the selection of a court with an eye towards gaining an advantage based on the forum's favorable substantive law or the avoidance of unfavorable law in an alternative forum.  Selecting a forum for convenience is not a form of forum shopping.

Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 839 (W.D. Pa. 2006) (citations omitted). Filing a case in this district within the applicable statute of limitations cannot be described as an act of forum shopping merely because an alternative forum might provide a lengthier period of time in which to file suit.  DTI has cited no authority to support its position.

The Union's attorney states in an affidavit that he chose to file this action in the Western District of Pennsylvania for the following reasons:

> a) The overwhelming majority of individuals who would have to testify in this matter, if it went to trial, are residents of the Western District of Pennsylvania.
>
> b) All of the actions of the employee who was discharged occurred in the Western District of Pennsylvania.
>
> c) The supervisory employees of the Defendant who determined to discharge the employee who was the subject of the aforesaid arbitration proceeding are residents of the Western District of Pennsylvania.
>
> d) The Western District of Pennsylvania is the most convenient forum for the hearing of this matter, in that most of the witnesses for the parties are residents of this district, the events that gave rise to the arbitration proceeding that is the subject of this proceeding occurred in this district, and the Defendant maintains a significant presence in this district, such that the Western District of Pennsylvania is the most convenient district for the trial of this matter.

(Pasquarelli Aff. ¶ 14.)[1] He also states that "the events giving rise to the instant litigation all occurred in Indiana and Jefferson Counties, Pennsylvania, and all actions taken by the Defendant that led to the arbitration proceeding that is the subject of this litigation occurred in those counties." (Id. ¶ 7.) DTI has not contested these assertions.

The Union has proffered evidence that it filed this action in the Western District of Pennsylvania for reasons of convenience, and DTI has not proffered any evidence to refute it. DTI has failed to demonstrate that any exceptions to the first-filed rule apply. Therefore, its motion to dismiss or stay this proceeding will be denied. An appropriate order follows.

---

[1] Docket No. 10.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UTILITY WORKERS UNION OF ) <br> AMERICA, AFL-CIO, UNITED GAS ) <br> WORKERS UNION, LOCAL 69, ) <br> DIVISION 2, an unincorporated association, ) <br> by BRYAN E. ASH, its Trustee Ad Litem, ) <br>       Plaintiff, ) <br> ) <br>       vs. ) <br> ) <br> DOMINION TRANSMISSION, INC., a ) <br> corporation, ) <br>       Defendant. ) <br> ) | Civil Action No. 06-687 |

## ORDER

AND NOW, this 27th day of September, 2006,

IT IS HEREBY ORDERED that Defendant's motion to dismiss or, in the alternative, stay (Docket No. 6) is denied.

                                              s/Robert C. Mitchell
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge